## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Melanie King (*a.k.a. Melanie Nikula*),<br><br>        Plaintiff,<br><br>vs.<br><br>Messerli & Kramer, P.A.,<br><br>        Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT AND DEMAND FOR**<br><br>**JURY TRIAL** |

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by Plaintiff Melanie King, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.      This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.  Plaintiff Melanie King (hereinafter "Plaintiff") is a natural person residing in the County of Lake, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant Messerli & Kramer, P.A. (hereafter "Defendant"), is a business corporation and recognized under the laws of Minnesota and it is operating from an address 100 South 5th Street, 1400 Fifth Street Towers, Minneapolis, MN 55402.

7.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiff allegedly incurred a financial obligation with Central Prairie Financial, LLC, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9.  The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Sometime on or before February 20, 2015, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff.

11. On a date after February 20, 2015, Plaintiff received a Demand for Disclosure from Defendant.

12.     On or about March 10, 2015, Plaintiff, with the assistance of her attorney William C. Michelson, filled out and answered the Demand for Disclosure that was sent by Defendant. (*See* Ex. 1.)

13.     Attached to the answers to the Demand for Disclosure, Plaintiff's attorney sent a cover letter that provided Plaintiff was represented by legal counsel. (*See* Ex. 2.)

14.     On or about May 11, 2015, Defendant mailed a letter directly to Plaintiff's residence and stated in its letter, "[w]e previously received information to your exemption claim. At this time we are requesting that you send us documentation confirming that you are still receiving government assistance based on need." (*See* Ex. 3.)

15.     The May 11th letter was mailed directly to the Plaintiff's residence, and was not received by William C. Michelson until the Plaintiff dropped it off at his office.

16.     Defendant's May 11th letter violated 15 U.S.C. § 1692c(a)(2) because Defendant's letter communicated with Plaintiff in an attempt to collect a debt when Defendant had actual knowledge that Plaintiff was represented by an attorney.

17.     Plaintiff has incurred actual damages in the form of fear of answering the telephone, nervousness, as well as, other forms of emotional distress.

18.     Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of VRS's acts and omissions.

**Respondeat Superior Liability**

19.     The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described

3

herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

20.    The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

21.    By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

22.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## **TRIAL BY JURY**

23.    Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE**
### **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

24.    Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

25.     The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et seq.*

26.     As a result of said violations, Plaintiff has suffered actual damages in the form of fear of answering the telephone, nervousness, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27.     As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

28.     As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### <u>COUNT I: FDCPA VIOLATIONS</u>

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

Dated:  July 13, 2015.                **MARSO AND MICHELSON, P.A.**

By: ___s/Blake R. Bauer_____
      Blake R. Bauer (Bar No: 0396262)
      Marcus J. Hinnenthal (Bar No: 0386756)
      Attorneys for Plaintiff
      Marso & Michelson, P.A.
      3101 Irving Avenue South
      Minneapolis, Minnesota
      Telephone: 612-821-4817
      Fax: 612-821-4826
      Email: blake.bauer@outlook.com
      Email: mhinnenthal@marsomichelson.com